UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SERENA J. HAIRE, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00051-RFB-EJY<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court are Plaintiff's Motion for Order to Save Evidence (ECF No. 10) and Motion for Injunctive Relief (ECF No. 11). For the reasons stated herein, the motions are denied.

### II.　PROCEDURAL HISTORY

On October 29, 2021, Plaintiff filed a Complaint and an Emergency Motion for Injunction in the district court for the Eastern District of California. ECF Nos. 1, 2. On January 7, 2022, the case was transferred to this Court. ECF No. 8. On January 26, 2022, Plaintiff filed a "Motion for Order to Save Evidence" and a "Motion for Injunction Relief." ECF Nos. 10, 11.

### III.　FACTUAL ALLEGATIONS

Plaintiff Jason Latrell Thomas is currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California. CHCF is a mental health correctional facility for inmates with "the most severe and long-term medical needs." Defendant Serena Haire is a resident

of Las Vegas, Nevada and is Plaintiff's sister. Defendant Jaquesha Haire is a resident of Las Vegas, Nevada and is Plaintiff's niece. The underlying issue in this case is a dispute over wills and inheritance. Plaintiff alleges that Defendants forged his deceased father's will in order to steal his inheritance, and unlawfully transferred money from Plaintiff's father's bank accounts to their own. Plaintiff asserts claims for breach of contract, tort (fraud/forgery), and violations of the racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO").

In the motions currently pending before the Court, Plaintiff alleges that on September 6, 2021 and November 4, 2021, Defendant Serena Haire called him at CHCF and made damning admissions over the phone regarding the alleged fraud and theft. Specifically, Plaintiff alleges that Defendant admitted to him that their father "on his death bed would not sign a will written up by Jaquesha Haire turning all his cash and asset [sic] to them." Plaintiff requests that this Court order CHCF to preserve the recorded phone calls.

## IV. LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134 35 (citation omitted). The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct

the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

V.     **DISCUSSION**

The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a preliminary injunction because the relief that Plaintiff seeks is against third-party CHCF, and not against one of the parties to the action. It is well-settled that an injunction can bind only a party to the action or a privy to a party. Martin v. Wilks, 490 U.S. 755, 763-65 (1989). Courts "cannot enjoin the world at large from committing prohibited acts; they bind only the parties before them." Saga Int'l v. John D. Brush & Co., 984 F. Supp. 1283, 1286 (C.D. Cal. Nov. 3, 1997); see also Fed. R. Civ. P. 65(d) (stating that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise). Here, CHCF is not a party to the action, nor is it alleged that CHCF is in privity with the Defendants. As such, the Court cannot issue a preliminary injunction against CHCF to mandate they preserve the alleged telephone recording.

To the extent Plaintiff seeks relief from CHCF as a third-party entity, the Court notes that it has some ability "to order a third party to preserve evidence, provided it does so with restraint and discretion." See M.S. v. Hyundai Motor Am., No. 2:20-cv-01861-GMN-BNW, 2021 U.S. Dist. LEXIS 28333, at *3 (D. Nev. Feb. 16, 2021); see also Martin v. Johnson, No. 2:20-cv-11342-SB-SHK, 2022 U.S. Dist. LEXIS 10939, at *2-3 (C.D. Cal. Jan. 19, 2022); Bright Sols. For Dyslexia, Inc. v. Doe 1, No. 15-cv-01618-JSC, 2015 U.S. Dist. LEXIS 117252, at *3 (N.D. Cal. Sept. 2, 2015). In considering whether a preservation order issued against a third party is necessary and appropriate, courts evaluate (1) the level of concern it has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an

individual, entity, or party to maintain the evidence sought to be preserved. Hyundai Motor, at *3-4. As applied here, the Court finds that it has not been established that the integrity of the evidence in question would be at jeopardy in the absence of a court order. Nor has Plaintiff alleged what irreparable harm he is likely to suffer absent an order directing preservation. In fact, Plaintiff alleges in his motions that "in the discovery stage," he will "be able to subpoena documents from the morgue, which will prove forgery and fraud." He also alleges he will be able to "subpoena bank statements and other documents" containing "his younger siblings' forged signatures" to substantiate his claims. In sum, Plaintiff fails to establish how the absence of a court order directing preservation of the purported phone calls would cause irreparable harm, given the existence of other forms of evidence that he alleges will prove his claims.

For the reasons stated above, the Court denies Plaintiff's request for a court order directing the preservation of evidence as against CHCF.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Order to Save Evidence (ECF No. 10) and Motion for Injunctive Relief (ECF No. 11) are DENIED.

**DATED: August 18, 2022**

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**